IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
CARLOS PAGAN-LOPEZ               *
                                 *
     Plaintiff                   *
                                 *
v.                               *    Civil No. 09-1080(SEC)
                                 *
COMMONWEALTH OF PUERTO           *
                                 *
RICO, et al.                     *
                                 *
     Defendants                  *
**********************************
```

**OPINION & ORDER**

On January 26, 2009, Plaintiff, a pro-se prisoner, filed the present petition for writ of *habeas corpus* against the Commonwealth of Puerto Rico, and various state officials (collectively "Defendants"). See Docket # 2. Concurrently, Plaintiff filed a motion for leave to proceed *in forma pauperis*. See Docket # 1. On the same day, the Clerk of the Court informed Plaintiff regarding the defective filing of the prior motion to proceed *in forma pauperis*. See Docket # 3. Furthermore, the present claim was filed in the Spanish language in violation of Local Rule 10(b). Accordingly, the Court ordered Plaintiff to file a certified English translation, or otherwise show cause as to his defective filings. See Docket # 5. Subsequent to this notification on April 27, 2009, Plaintiff filed a motion requesting that he be provided translation services, or otherwise be excused from Rule 10(b). See Docket # 6. For the reasons set fourth below, Plaintiff's request shall be **DENIED** and the present action **DISMISSED**.

Federal law dictates that all "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). Violations of this rule constitute reversible error. Id. Moreover, if the Court were to provide translation as Plaintiff requests, the policy would lead to significant costs to this Court. According to

Mallard v. United States District Court for Southern Dist. of Iowa, 490 U.S. 296, 296-297 (1989), under former section 28 U.S.C. 1915(d), redesignated as 28 U.S.C. 1915(e), federal courts have the authority to request an attorney to represent an indigent litigant in a civil case, but are without authority to require representation. While interpreting this rule, the district courts in the First Circuit have reiterated that they have no authority to commit financial resources to appointed counsel, even when exceptional circumstances are found. Feliciano v. DuBois, 846 F. Supp. 1033, 140 (D. Mass. 1994). In light of this reality, Plaintiff cannot be allowed to proceed in the Spanish language, and he is deemed not to have complied with this Court's order at Docket # 5.

The Supreme Court of the United States has noted that, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31(1962). The First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13 (1st Cir. 1996). The dismissal of a case is within the power of a district court. Of Course, dismissal is typically a measure of last resort, "reserved for extreme cases . . ." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005).

Of course, "[t]he power of the court to prevent undue delays must be weighed against the policy favoring the disposition of cases on their merits . . . [u]ltimately, however, plaintiff is responsible for developing and prosecuting its own case." Jardines Ltd. Pshp. v. Executive Homesearch Realty Servs., 178 F.R.D. 365, 367 (D.P.R. 1998); Hernandez-Festa v. Fernandez-Cornier, Civ. No. -5-1940, 2007 U.S. Dist. LEXIS 59254 (D.P.R. Aug. 13, 2007). Nevertheless, First Circuit precedent is clear that when "the Court appropriately forewarns a plaintiff of the consequences of future non-compliance with an unambiguous order, the Court need not exhaust less toxic sanctions before dismissing a case with prejudice." Torres-Vargas, 431 F. 3d at 392.

In the present action, this Court has attempted to forewarned Plaintiff regarding the deficiencies in his filings. Over the course of more than four months, he has failed to comply

with Rule 10(b), despite this Court's Order. Accordingly, considering Plaintiff's lack of compliance with Local Rule 10(b), all of Plaintiffs' claims against Defendants will be **DISMISSED WITHOUT PREJUDICE**. Judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of June, 2009.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge